IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| SELAINE ROLLINS, ET AL. § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-170 |
| § | |
| MAINLAND CROSSING APARTMENT § | |
| TOWNHOMES, ET AL. § | |

### REPORT AND RECOMMENDATION

Before the Court are the Motions to Dismiss under Rule 12(b)(6) filed by Defendants Mainland Crossing Townhouses, LLC; MBS GP 44, LLC; and Carol J. Tobola. Having considered the Motions and the Plaintiff's pleadings, the Court now issues this Report and Recommendation.

Plaintiff, Selaine Rollins, individually and as next friend of Alize Knoxson-Neely and Shampaign V. Knoxson, filed this action claiming, *inter alia*, that the Defendants discriminated against her and her two minor nieces in violation of federal fair housing laws. The Defendants, in their Motions, simply allege that Rollins' pleadings fail to state a claim upon which relief may be granted.

Motions under Rule 12(b)(6) are highly disfavored and rarely granted. Gilligan v. Jamco Development Corporation, 108 F.3d 246, 249 (9th Cir.1997)   In reviewing such Motions the Court must view the allegations in the light most favorable to the Plaintiff, Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995), and may consider all documents attached to the Plaintiff's pleadings. In re Colonial Mortgage Banker's Corp., 324 F.3d 12, 16 (1st Cir. 2003)   Moreover, when the Plaintiff is acting *pro se*, the Court must exercise leniency

in its evaluation of her pleadings.  Hughes v. Rowe, 449 U.S. 5, 9 (1980)     Accordingly, the Court may grant a 12(b)(6) Motion only when it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  Conley v. Gibson, 355 U.S. 41, 45-6 (1957)     From a review of Rollins' submissions, it is clear that the allegations in her administrative complaint filed with HUD prompted a lengthy, in-depth investigation. Obviously, her complaint was taken very seriously.  Of course, the Director ultimately exonerated the Defendants; however, even though Rollins' claim may appear implausible, the Motions to Dismiss should, in the opinion of this Court, be denied in favor of a Motion for Summary Judgment after sufficient development of the case through discovery.  Cf.  Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998) ("Because racial discrimination in employment is 'a claim upon which relief can be granted', … complaint could not be dismissed under Rule 12(b)(6).")

For all of the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Motions to Dismiss under Rule 12(b)(6) of Defendants Mainland Crossing Townhouses, LLC; MBS GP 44, LLC; and Carol J. Tobola (Instrument nos. 5, 8 and 21) be **DENIED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties.  The Parties **SHALL** have until **November 10, 2006**, to file written objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).   The Objections **SHALL** be mailed to the United States District Clerk, P.O. Drawer 2300, Galveston, Texas  77553.  **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.  Failure to file objections within the prescribed time shall bar an aggrieved party

from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

    **DONE** at Galveston, Texas, this _____19th_____ day of October, 2006.

_____
John R. Froeschner
United States Magistrate Judge